IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WALTER BENSON,

      Plaintiff,

vs.                                              No. CV 16-01211 MCA/JHR

CENTRAL NEW MEXICO CORRECTIONAL
FACILITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint for Violation of Civil Rights ("Complaint") filed by Plaintiff Walter Benson. (Doc. 1). The Complaint fails to state a claim on which relief can be granted under 42 U.S.C. § 1983 and will be dismissed.

Plaintiff Walter Benson is a prisoner proceeding pro se and *in forma pauperis.* (Doc. 4). Plaintiff Benson filed his Complaint on November 3, 2016. (Doc. 1). Benson's Complaint alleges violation of his civil rights under 42 U.S.C. § 1983. (Doc. 1 at 3). In his Complaint, Benson alleges:

> "February 5th 2016 about 8:45 am I sliped in the shower and broke my left ankle . . . I was coming out of the shower and by the floor was still wet, and by them not having any safety floor mats, I sliped and broke my left ankle in three places. . . This grievos injury was due to not having the right safety mats or grab bars on the walls at that time in that shower."

(Doc. 1 at 3, 5). The sole Defendant named by Plaintiff Benson is Central New Mexico Correctional Facility. (Doc. 1 at 1).

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or

28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.
In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's

2

pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Section 1983 states:

> "Every ***person*** who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants" or "officers," without identification of individual actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The only named Defendant in this action is the Central New Mexico Correctional Facility. Central New Mexico Correctional Facility is part of the New Mexico Department of Corrections, a state agency. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. The claims against the Central New Mexico Correctional Facility will be dismissed for failure to state a claim for relief. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Further, Benson does not name any individual official as a defendant, nor does he allege any individual conduct that deprived him of any right in violation of the Constitution. He indicates that Correctional Officer Harrell witnessed his slip and fall and that the Unit Manager, Mr. Rigdins, was informed. (Doc. 1 at 5, 7). However, he does not allege any personal involvement by them or any actions by them that caused a constitutional violation. The

Complaint fails to state any § 1983 claim for relief against any individual official. *Fogarty v. Gallegos,* 523 F.3d at 1162; *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Last, although Benson does not allege violation of any constitutional provision, his Complaint asserts claims arising out of prison conditions. Civil rights claims based on prison conditions generally proceed under the Eighth Amendment prohibition against cruel and unusual punishment. To state an Eighth Amendment claim, an inmate must allege facts showing that prison officials displayed deliberate indifference to the health or safety of inmates. *Hope v. Pelzer,* 536 U.S. 730, 738 (2002). Ordinary negligence is insufficient to establish a violation of the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 322 (1986); *see also Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety").

The federal courts have consistently held that allegations a prisoner slipped and fell as a result of slippery conditions in the prison do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438, 439 (5th Cir. 2008) (slip and fall complaint); *Smith v. Leonard*, 242 F. App'x 139, 140 (5th Cir. 2007) (slip and fall injury for failure to place mat in shower exit); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (slip and fall due to standing water); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (wet floors); *White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 1994) (slip and fall on ice); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not even state an arguable claim for cruel and unusual punishment"); *Chamberlain v. Nielsen*, 2010 U.S. Dist. LEXIS 25455, at *3-7, 2010 WL 1002666 (E.D. Mich. Mar. 18, 2010) (fall due to a ripped shower mat); *Brown v. Lafler*, No. 07-14955, 2008 U.S. Dist. LEXIS 94949, at *2, 2008 WL 4937951 (E.D. Mich. Nov. 13, 2008) (slip and fall on an icy prison walkway); *Davis v.*

*Reilly,* 324 F.Supp.2d 361, 367 (E.D.N.Y.2004) (failure to provide shower mats does not rise to level of constitutional violation). An inmate's allegation that he slipped and fell because of water on the floor of the bathroom, without more, alleges only a claim for negligence and does not state a constitutional claim. *See Walker v. Reed,* 104 F.3d 156, 157-58 (8th Cir.1997). Nor is an allegation of failing to provide a shower mat or bars sufficient to impose liability under § 1983. *See Eason v. Thaler,* 73 F.3d 1322, 1329 n. 3 (5th Cir.1996).

Benson does not allege deliberate indifference but, instead, claims a failure to provide the "right" safety mats or bars. (Doc. 1 at 3). The allegations of Benson's Complaint allege no more than negligence by Central New Mexico Correctional Facility and do not assert violation of any constitutional right. "Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment .... Remedy for this type of injury, if any, must be sought in state court under traditional state tort law principles." *Reynolds*, 370 F.3d at 1031 (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)). Benson's Complaint fails to state any claim for relief under 42 U.S.C. § 1983 and his § 1983 claims will be dismissed, without prejudice to his right to bring a state tort law claim in state court. The Court will also dismiss without leave to amend because, absent a constitutional violation, any amendment by Benson will also be subject to immediate dismissal. *Bradley v. Val-Mejias,* 379 F.3d at 901.

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Walter Benson (Doc. 1) is **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), without prejudice to Benson's right to file a state law claim in state court.

_____
UNITED STATES DISTRICT JUDGE